ERVIN, Justice
(concurring specially):
I am unwilling to resolve the issue of the validity of the legislative appointment of O. Ernest Ellison, Jr., as Auditor General solely on the ground of mootness because the Legislature after the institution of these proceedings passed a concurrent resolution reappointing Mr. Ellison to the office of Auditor General. To let the matter rest on that basis leaves open questions of the validity of prior official actions of Mr. Ellison and whether his “reappointment” has retroactive operation. It also leaves unsettled questions of legislative prerogatives as to methods it may adopt for exercise of its constitutional powers.
I think Mr. Ellison was validly appointed by the Legislature pursuant to Sections F.S., 11.41 and 11.42, F.S.A., in conformity with Section 2, Article III of the State Constitution. The manner or method selected by the Legislature for appointing its Auditor General (a noncommissioned employee, as distinguished from an elected or appointed public officer in the executive branch) lies within its unfettered discretion and prerogative. The means provided for the appointment by statute through delegated legislative committee action is solely within high legislative prerogative and is beyond challenge in the judiciary. Moreover, the doctrine of separation of powers would appear to indicate to the judiciary that a fitting deference be accorded the Legislature in its exercise of its internal authority in selecting the method for making an appointment of an employee. We should not subject the exercise of this appointive power to extraneous provisions of the Constitution which, e. g., provide the mechanics for enactment of bills or the appointment of public officials by the Governor. Nor should we conclude the method selected is an invalid delegation of authority-
BOYD, J., concurs.